UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DWAYNE FAUST,

                                   Plaintiff,

                                                        Case # 14-CV-6702-FPG

v.

                                                        DECISION & ORDER

DR. YOUNG JUN, et al,

                                   Defendants.

## INTRODUCTION

*Pro se* plaintiff Dwayne Faust ("Plaintiff"), an inmate currently housed at Marcy Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights.

Currently pending before the Court are Defendants' Motion for Summary Judgment (ECF No. 17) and Plaintiff's Motion to Appoint Counsel (ECF No. 21).[1]  For the reasons stated below, both motions are denied.

## DISCUSSION

### I.   Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment is denied for two alternative reasons.  First, the Motion was not timely filed.  On March 27, 2015, Defendants' counsel requested an extension of time to respond to Plaintiff's Complaint on behalf of all Defendants.  ECF No. 16. Specifically, Defendants requested an extension until April 28, 2015.  *Id.*  That request was

---

[1]   Plaintiff also filed a Motion to Strike Defendants' Motion for Summary Judgment, ECF No. 22, in which Plaintiff invoked Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Because Defendants' Motion for Summary Judgment is a motion, not a pleading, Plaintiff's Motion to Strike will be construed as an argument in opposition to Defendants' Motion for Summary Judgment.  *Fin. Fed. Credit, Inc. v. Crane Consultants, LLC*, 21 F. Supp. 3d 264, 269 (W.D.N.Y. 2014) aff'd sub nom., 604 F. App'x 38 (2d Cir. 2015).

granted.  *Id.*  However, Defendants did not respond to Plaintiff's Complaint by their self-imposed deadline.  Nor did Defendants' counsel request another extension of time.  Instead, on May 18, 2015, Defendants simply filed the instant Motion for Summary Judgment without mentioning that it was being filed over two weeks late or offering any justification for the delay. ECF No. 17.  "The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny [a] motion for summary judgment."  *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003); *see also Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012).

Second, and more fundamentally, the arguments contained in Defendants' Motion for Summary Judgment are not ripe for consideration at this stage of the litigation.

Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred.  *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015).  In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court explained that the purpose of summary judgment is to allow for the disposition of a case "after adequate time for discovery" has elapsed.  *Id.*  Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).  In those rare cases where summary judgment is appropriate even though no discovery has occurred, it is evident from the face of the complaint that discovery would be futile.  *See Nelson*, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015) (addressing defendants' pre-discovery motion for summary judgment because "[t]he facts contained in the attachments to [p]laintiff's own complaint contradict his claim for deliberate medical indifference"); *Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (denying the

bulk of defendants' motion for summary judgment because no discovery had taken place, but addressing an argument regarding plaintiff's failure to exhaust administrative remedies because "the facts regarding [p]laintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome of that portion of the application").

Here, Defendants' Motion for Summary Judgment was filed in lieu of an answer and prior to any discovery. ECF No. 17. In Plaintiff's response to Defendants' Rule 56 Statement, Plaintiff disputes many of the facts relied upon by Defendants and even astutely points out that "more issues of fact will present themselves during discovery." ECF No. 23, at 3. This is therefore not one of "the rarest of cases" where summary judgment may be granted prior to discovery. *Hellstrom*, 201 F.3d at 97; *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

Because Defendants' Motion for Summary Judgment was untimely filed and improperly seeks summary judgment prior to any discovery, it is denied without prejudice.[2] If Defendants wish to contest the sufficiency of Plaintiff's Complaint, they may file a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   Plaintiff's Motion to Appoint Counsel

Plaintiff has applied to the Court for appointment of counsel. ECF No. 21. There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the

---

[2]       It is important to note that while the Court has discretion to allow Defendants a second bite at the apple, it is under no obligation to do so. *Robinson v. Henschel*, No. 10 CIV. 6212 PGG, 2014 WL 1257287, at *9 (S.D.N.Y. Mar. 26, 2014) (denying defendants' successive motion for summary judgment on exhaustion grounds as "procedurally improper"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 (S.D. Ala. 2011) (noting that "no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment" and emphasizing the importance of not allowing parties to "treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources").

Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Robuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Parra*, 2013 WL 6669235, at *6 (W.D.N.Y. Dec. 18, 2013) (citing *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997)).

Having reviewed Plaintiff's Complaint and considered the nature of the factual and legal issues involved, as well as Plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time. Because the Court has yet to rule on the sufficiency of Plaintiff's Complaint, it would be premature to determine that Plaintiff's claims are "likely to be of substance." *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2nd Cir. 2001) (noting that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor"). The factual circumstances surrounding Plaintiff's claims do not appear to be unusually complicated, and the issues alleged are not so complex so as to make it impossible for Plaintiff to proceed without counsel. To the contrary, Plaintiff has submitted well-drafted motion papers containing substantive responses and cogent

legal arguments.  See ECF No. 23.  Plaintiff's Complaint is concise, organized, and detailed in nature.  ECF No. 1.  At this juncture, Plaintiff appears sufficiently knowledgeable and articulate to investigate the facts concerning his claim and prosecute this action.  Although almost any *pro se* litigant would benefit from the appointment of counsel, the Court must also be cognizant of the fact that "[v]olunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  At this time, the Court finds no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination.

Based on this review, Plaintiff's Motion to Appoint Counsel is denied without prejudice at this time.  It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  Nevertheless, in order to assist Plaintiff in pursuing this case *pro se*, the Clerk of the Court is directed to send Plaintiff the Court's booklet entitled Pro Se Litigation Guidelines.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 17) and Plaintiff's Motion to Appoint Counsel (ECF No. 21) are both DENIED WITHOUT PREJUDICE.  The Clerk of the Court is directed to send Plaintiff the Court's booklet entitled Pro Se Litigation Guidelines.

IT IS SO ORDERED.

Dated: **2/9/16**
Rochester, New York


_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court